IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM STOREY, *et al.*,                                    *

    Plaintiffs,                                              *

        v.                                               *                  Civil Action No. RDB-11-03214

COLUMBIA HOME LOANS, LLC, *et al.*,         *

    Defendants.                                            *

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM OPINION

Plaintiffs William and Malissa Storey ("Plaintiffs" or "the Storeys") originally filed this action in the Circuit Court for Caroline County, Maryland on September 28, 2011 against Defendants Columbia Home Loans, LLC, Mary S. Dulin, Alliance Mortgage Banking Corp., Regent Abstract Services, Ltd., JPMorgan Chase & Co. and JPMorgan Bank, N.A. as successors in interest to EMC Mortgage LLC, formerly known as EMC Mortgage Corporation as well as Jacob Geesing, *et al.* and Bierman, Geesing & Ward, LLC.[1] In the Complaint, Plaintiffs allege mortgage fraud (Count I), violation of the Maryland Consumer Protection Act, Md. Code Ann., Com Law § 13-101 *et seq.* (Count II), negligence (Count III and intentional misrepresentation (Count IV) in violation of Maryland law.

On November 10, 2011, JPMorgan Chase & Co. and JPMorgan Bank, N.A. removed this action to this Court on the basis of diversity of citizenship and alleging fraudulent

---

[1] The parties do not dispute that Defendants Alliance Mortgage Banking Corp. and Regent Abstract Services were never served in these proceedings. Motion to Remand ¶ 8, ECF No. 24. Moreover, Defendants Jacob Geesing, *et al.* and Bierman, Geesing & Ward, LLC were terminated by stipulation of the parties on January 20, 2012. Stipulation of Dismissal, ECF No. 60. As a result, Plaintiffs' claims remain pending against Columbia Home Loans, LLC, Mary S. Dulin, JPMorgan Chase & Co. and JPMorgan Bank, N.A.

joinder as to Defendant Dulin.  Plaintiffs then filed a Motion to Remand (ECF No. 24) presently pending before this Court.  Four other motions are also pending before this Court: Defendant Mary S. Dublin's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 42), Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.'s Motion to Strike Amended Complaint (ECF No. 34), Defendant JPMorgan Chase & Co.'s Motion for Judgment on the Pleadings (ECF No. 40), and Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 52).

The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendant Dulin's Motion to Dismiss (ECF No. 42) is DENIED.  As a result, Plaintiffs' Motion to Remand (ECF No. 24) is GRANTED.  Therefore, all remaining motions (ECF Nos. 34, 40 & 52) are DENIED as MOOT.

## BACKGROUND

This Court accepts as true the facts alleged in the Plaintiffs' complaint.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Plaintiffs William and Malissa Storey ("Plaintiffs" or "the Storeys") reside in Greensboro, Maryland located in Caroline County.  Pls.' Am. Compl. ¶ 1, ECF No. 29.  Defendant Columbia Home Loans, LLC ("Columbia Home Loans") is a mortgage loan company engaged in the business of providing residential loans.  *Id.* ¶ 2.  Columbia Home Loans is incorporated under the laws of New York and has its principal place of business in the state of New Jersey.  *Id.*  Defendant JPMorgan Chase & Co. and its subsidiary JPMorgan Bank, N.A. (collectively "the JPMorgan Defendants") are successors in interest to EMC Mortgage, LLC, formerly known as EMC Mortgage

Corporation ("EMC Mortgage") and have their principal place of business in New York, New York. *Id.* ¶ 6. Defendant Mary S. Dulin is a notary public under the laws of Maryland with a principal place of business located in Trappe, Maryland. *Id.* ¶ 3. Alliance Mortgage Banking Corp. ("Alliance Mortgage") provides mortgage brokerage and banking services and Regent Abstract Services, Ltd. ("Regent Abstract") provides abstracts and mortgage services. Both have their principle places of business in the state of New York. *Id.* ¶¶ 4-5.[2]

This action for damages arises out of alleged fraud committed after the Storeys sought to refinance their residential mortgage with Alliance Mortgage in August of 2006 ("2006 Refinance"). *Id.* ¶¶ 9, 11. Plaintiffs allege that the Defendants and/or their agents conspired to commit fraud upon them as well as against "the Land Records for Caroline County and the courts of Caroline County." *Id.* ¶ 8. Specifically, the Storeys allege that as part of the 2006 Refinance they agreed to receive a $38,000 equity loan from Alliance Mortgage secured by a "Deed of Trust on a 6.3 +/- acre portion of their real property, but not all 16 +/- acres." *Id.* ¶¶ 12-13. Upon learning that the equity loan amount would instead be of $48,000, the Storeys objected to the new amount, but were informed by an Alliance Mortgage broker agent that the loan was being processed, the amount could not be corrected and that it was too late to change the paperwork. *Id.* ¶ 14. As a result, the Storeys allegedly waited until the settlement date for the 2006 Refinance to reiterate their objections. *Id.* ¶¶ 16-17.

---

[2] As stated in the preceding footnote, Defendants Alliance Mortgage and Regent Abstract have not been served in these proceedings and the claims against Defendants Jacob Geesing, *et al.* and Bierman, Geesing & Ward, LLC were dismissed on January 20, 2012 by stipulation of the parties.

On September 20, 2006, date of the settlement, the Storeys allege that Defendant Dulin, a notary public, came to their residence in order to proceed with the execution of the 2006 Refinance documents. *Id.* Upon reviewing the documents, the Storeys discovered two discrepancies in the Deed of Trust: (1) the parcel described and encumbered was all of the 16+/- acres of their real property, as opposed to the agreed upon 6.3 acres; and (2) "the loan was a 2-year ARM"[3] instead of the agreed upon 30-year fixed interest. *Id.* ¶ 17. The Storeys tried to make corrections directly on the Deed of Trust but Defendant Dulin instructed them to make their changes on a "sticky note" which she appended to the deed. *Id.* After making these corrections, they refused to sign the Deed of Trust as presented and Defendant Dulin left their home with all the loan documents, and the unexecuted Deed of Trust. *Id.* A few days later, the Storeys contacted Alliance Mortgage to inquire about the changes but were informed that the loan had already been processed. *Id.* ¶ 18.

On October 30, 2006, Columbia Home Loans notified the Storeys that their loan had been transferred to EMC Mortgage and would henceforth be serviced by that provider. *Id.* ¶ 19. In December of 2006, the Storeys received a check for $48,000 from EMC Mortgage, which they did not initially cash or deposit. They began to receive mortgage statements in January of 2007. *Id.* ¶¶ 20-21. Upon contacting EMC Mortgage to determine why they had received a $48,000 check given the fact that they had never executed the Deed of Trust, they were asked to contact Columbia Home Loans. *Id.* ¶ 21. As a result of their numerous failed attempts to contact Columbia Home Loans and Alliance Mortgage and due to the accrual of

---

[3] ARM: Adjustable-rate mortgage.

interest on their loan, the Storeys were obligated to deposit the check in their account to begin making payments. *Id.* ¶ 22.

A few months later, in August of 2007, the Storeys received a letter from Regent Abstract informing them that Caroline County had lost the original deed of trust relating to the 2006 Refinance. *Id.* ¶ 23. At that time, the Storeys requested to see a copy of this lost deed, but Regent Abstract failed to provide them with one. *Id.* Additionally, during a telephone conversation between Mrs. Storey and a Regent Abstract agent, the Storeys were asked to sign a new deed of trust and backdate it as of September 20, 2006. *Id.* ¶ 24. The Storeys refused to do so. *Id.* Nevertheless, over a year later, on October 26, 2008, "a deed of trust was filed in the Caroline County Land Records, purporting to contain the signatures of Mr. and Mrs. Storey." *Id.* ¶ 25. However, the Storeys maintain that they never signed this deed of trust and that the October 2008 deed was the result of fraud. *Id.* The Storeys also allege that the recording of this deed was "the first constructive notice" that either of them had that their signatures had been forged. *Id.*

In April of 2009, following some difficulties in making mortgage payments, the Storeys enrolled in a mortgage payment program with EMC Mortgage which was meant to help them repay the loan. *Id.* ¶ 26. However, EMC Mortgage made certain mistakes in the terms of the program which caused them to fall behind on their payments and also detrimentally impacted their credit score. *Id.* Despite the Storeys' numerous requests to correct the problem, EMC Mortgage refused to make the corrections and then filed foreclosure proceedings against the Storeys in the Circuit Court for Caroline County,

Maryland in October of 2009. *Id.* ¶¶ 26-27. It was at that time that the Storeys contend that they gained actual notice that a fraud had occurred as to the deed of trust. *Id.* ¶ 27. Upon reviewing the October 2008 deed, the Storeys noticed that their signatures had been forged and that significant differences existed between rejected 2006 Deed of Trust, the 2007 deed of trust that Regent Abstract proposed they sign and the recorded 2008 deed. *Id.* ¶ 28. Some of these discrepancies included "(1) the typing of their names on the first page [which] was noticeably different between the original document presented at settlement and the document recorded in the Land Records, and (2) the name of the attorney, Carson Mills, . . . was not included on either of the deed of trust forms presented to [them] in 2006 and 2007." *Id.*

The foreclosure action against the Storeys in the Circuit Court for Caroline County was ultimately dismissed due to EMC Mortgage's failure to provide a promissory note. The Storeys then filed the present action on September 28, 2011 against the Defendants in the Circuit Court for Caroline County, Maryland alleging mortgage fraud and conspiracy to commit mortgage fraud. Pl.'s Am. Compl. ¶ 27, 30-35. Specifically as to Defendant Dulin, they allege that "she executed and notarized the Deed of Trust falsely representing that she witnessed [their execution of] the document." *Id.* ¶ 30. On November 10, 2011, the JPMorgan Defendants removed this action to this Court on the basis of diversity of citizenship and alleging fraudulent joinder as to Defendant Dulin. Plaintiffs then filed a Motion to Remand (ECF No. 24) on December 12, 2011 and Defendant Dulin filed her Motion to Dismiss Amended Complaint (ECF No. 42) on December 30, 2011.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (citation omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of

the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *see also A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950; *see also Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).

To succeed on their mortgage fraud and intentional misrepresentation claims, the Plaintiffs must also satisfy the heightened pleading standard for fraud claims under Rule 9(b) of the Federal Rules of Civil procedure. Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." These circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Wright and Miller, *Federal Practie and Procedure: Civil* § 1297, at 590 (2d ed. 1990)), *appeal after remand*, 352 F.3d 908 (4th Cir. 2003). A failure to comply with this rule is treated as a failure to state a claim under Rule 12(b)(6). *See id.* at 783 n. 5.

## ANALYSIS

Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of

different States. U.S. CONST. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a) (2006). If a civil action is not based on a question of federal law, then a federal court may only exercise original jurisdiction based on diversity of citizenship. Except as otherwise provided by law, a defendant may remove a state civil action to a federal court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2009).

The burden of establishing federal jurisdiction is placed upon the party seeking removal, and because of the "significant federalism concerns" implicated by divesting a state court of jurisdiction, removal jurisdiction is strictly construed. *Mulcahy v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir.1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Upon removal, the fraudulent joinder doctrine "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citations omitted). "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.' " *Hartley v. CSX Transportation Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citations omitted) (emphasis in original). Accordingly, in removing this case to this Court on the basis of diversity jurisdiction, Defendants JPMorgan Chase & Co. and JPMorgan Bank, N.A. (collectively "the JPMorgan Defendants") argued that Defendant Dulin, a Maryland resident, had been fraudulently joined because Plaintiffs failed to assert a right to relief against her. The

Plaintiffs then filed a Motion to Remand and Defendant Dulin filed her own Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6).

On a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahy*, 29 F.3d at 151; *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004). As the Supreme Court has noted, "[i]ncomplete diversity destroys original jurisdiction with respect to all claims." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 554 (2005). Federal courts are obliged to carefully scrutinize challenges to jurisdictional authority, and must "do more than simply point jurisdictional traffic in the direction of state courts." *17th Street Associates, LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 592 (E. D. Va. 2005). The federal remand statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ." 28 U.S.C. § 1447(d). In other words, "a district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable." *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914-15 (D. Md. 1997); *see also In re Lowe*, 102 F.3d 731, 736 (4th Cir. 1996) ("[A] federal court loses jurisdiction over a case as soon as its order to remand the case is entered."). Because this case is before this Court on the basis of diversity of citizenship and because Defendant Dulin is the only remaining Defendant who would destroy complete diversity, this Court's decision as to her Motion to Dismiss is determinative of the outcome of the Motion to Remand and of the proceedings in this Court.

In her motion, Defendant Dulin argues that Plaintiffs' claims against her are barred by the three-year statute of limitations applicable to claims alleging violations of the Maryland Mortgage Fraud protection Act, Md. Code Ann., Real Prop § 7-401 *et seq*, the Maryland Consumer protection Act, Md. Code Ann., Com Law § 13-101 *et seq*. and the torts of negligence and intentional misrepresentation under Maryland law. Specifically, Dulin argues that the following events would have given knowledge to Plaintiffs of the alleged fraud: (1) their refusal to sign the 2006 Deed of Trust on September 20, 2006, (2) the fact that the loan was processed, (3) the notice informing them of the transfer of their loan to another servicer received on October 30, 2006, (4) receipt of the $48,000 check from EMC Mortgage in December of 2006, (5) the fact that they began to receive statements charging interest on the loan as of January of 2007, (6) the August 2007 letter from Regent Abstract regarding the lost deed and their request that they sign a new deed backdated to September 20, 2006. Consequently, since August 2007 is over three years prior to the filing of this action on September 28, 2011, Dulin argues that the claims against her must be dismissed.

The three year statute of limitations is applicable to Plaintiffs' claims. Md. Code Ann., Cts. & Jud. Proc. § 5-101. Maryland courts have adopted the "discovery rule," which provides that "[a] cause of action 'accrues' when the plaintiff either had actual knowledge of the wrong or an 'awareness implied from a knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry' of the wrong." *Fischer v. Viacom Int'l, Inc.*, 115 F. Supp. 2d 535, 539 (D. Md. 2000) (citing *Poffenberger v. Risser*, 431 A.2d 677, 681 (Md. 1981)). The Maryland "discovery rule," as set forth in the *Poffenberger* decision, essentially has two prongs, to wit: either actual knowledge or knowledge which would cause a reasonable

person to undertake an investigation with reasonable diligence.  *See O'Hara v. Kovens*, 503 A.2d 1313, 1324 (Md. 1986).  Specifically, in the context of fraud, the accrual of a cause of action requires "knowledge . . . [that] would have led to knowledge of the alleged fraud."  *Id.* Thus a cause of action for fraud accrues with either actual knowledge of the fraud or knowledge which would cause a reasonable person to undertake an investigation with reasonable diligence that would lead to knowledge of the alleged fraud.  Moreover, "[i]f the knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud."  Md. Code Ann., Cts. & Jud. Proc. § 5-203; *see also Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1105 (Md. 2004).

In this case, Plaintiffs allege that they never signed the 2006 Deed of Trust in the presence of Defendant Dulin because it contained errors as to the description of the property and the repayment terms.  They also claim that until seeing the 2008 Deed recorded with the Caroline County Land Records, they believed that their loan was not secured. Additionally, they claim that they refused to comply with Regent Abstract's request to sign a new and backdated deed in 2007.  Moreover, they allege that when they asked Regent Abstract for a copy of said deed, Regent Abstract failed to provide them with one the fact that such deed did not exist and that Regent Abstract was only "bluffing."  Moreover, the foreclosure case against them was dismissed due to EMC Mortgage's failure to provide a promissory note.  Additionally, the Plaintiffs contend that they first obtained constructive knowledge of the fraud when the forged 2008 Deed was recorded in the Caroline County Land Records on October 26, 2008 and that they obtained actual notice in October of 2009

12

when foreclosure proceedings were commenced against them.  Basically, Plaintiffs claim that until a forged deed was recorded they believed that no deed of trust could exist since neither of them had signed one.

While the events Dulin lists could cause a reasonable person to inquire about potential problems regarding a loan and its terms, which the Plaintiffs allegedly did, they would not lead a reasonable person to knowledge of a fraud.  However, the recording of a deed would.  If anything, the events leading up to the recording of the deed demonstrate that only the loan documents were executed, which the Plaintiffs do not dispute.  Moreover, while Regent Abstract's request for a new deed in 2007 would cause a reasonable person to investigate these circumstances with reasonable diligence, a person's conviction that they did not sign a deed, the fact that the deed was allegedly lost and a request to backdate a new deed would cause a reasonable person to conclude, as Plaintiffs allege, that the original deed never existed because they never signed it.  As such, the Plaintiffs in this case could not have had knowledge leading to knowledge of the alleged fraud prior to the recording of a deed of trust on October 26, 2008 with the Caroline County Land Records.  Accordingly, having filed this action on September 28, 2011, the Plaintiffs' claims against Dulin are not barred by the statutes of limitations.

Furthermore, Plaintiffs' claims against Dulin comply with the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure.  Under this rule, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro 9(b).  These circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what

he [or she] obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). A failure to comply with this rule is treated as a failure to state a claim under Rule 12(b)(6). *See id.* at 783 n. 5. In this case, Plaintiffs allege that on or after September 20, 2006 Defendant Dulin notarized a deed of trust with their forged signatures which was then recorded with the Caroline County Land of Records on October 26, 2008. While Defendant Dulin is free to argue that Plaintiffs did in fact sign the deed, Plaintiffs have stated a claim against her for fraud. As a result, Defendant Dulin was not fraudulently joined. Therefore, Defendant Dulin's Motion to Dismiss Amended Complaint (ECF No. 42) is DENIED and Plaintiffs' Motion to Remand (ECF No. 24) is GRANTED. Because "a federal court loses jurisdiction over a case as soon as its order to remand the case is entered," *In re Lowe*, 102 F.3d 731, 736 (4th Cir. 1996), all remaining pending motions (ECF Nos. 34, 40 & 52) are MOOT.

### CONCLUSION

For the reasons stated above, Defendant Dulin's Motion to Dismiss Amended Complaint (ECF No. 42) is DENIED and Plaintiffs' Motion to Remand (ECF No. 24) is GRANTED. As a result, Defendants JPMoran Chase & Co. and JPMorgan Chase Bank, N.A.'s Motion to Strike Amended Complaint (ECF No. 34), Defendant JPMorgan Chase & Co.'s Motion for Judgment on the Pleadings (ECF No. 40) and Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 52) are DENIED as MOOT.

A separate Order follows.

Dated:      May 23, 2012                         /s/ *Richard D. Bennett*

                                                        Richard D. Bennett
                                                        United States District Judge

14